UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH EVANS,

                                      Petitioner,

               - against -

ROBERT E. ERICOLE, Superintendent
Green Haven Correctional Facility,
And THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK

                                   Respondents.
------------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

06 Civ. 3684 (SCR)(GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Petitioner Joseph Evans ("petitioner"), proceeding *pro se*, has filed a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I

respectfully recommend that the Court deny the petition in its entirety.


**I.  BACKGROUND**

      On June 11, 2002, following a bench trial[1] in County Court, Orange County

(Berry, J., presiding), petitioner was convicted of two counts of criminal sale of a

controlled substance in the third degree (N.Y. Penal Law § 220.39[1]) and two counts of

criminal possession of a controlled substance in the third degree (N.Y. Penal Law §

220.16[1]).  <u>See</u> Respondent's Affidavit in Opposition ("Aff. in Opp.") ¶ 2.

---

[1] Petitioner waived a jury trial. <u>See</u> Waiver of Jury Trial, Respondent's Record of
Exhibits ("Resp. Record"), Exh. 6.

Petitioner was accused of purchasing $200 worth of crack cocaine from an undercover officer of the Community Narcotics Enforcement Team in the City of Newburgh, New York, on both August 23 and 29, 2001.  Id. at ¶¶ 3, 4.  Petitioner was indicted on December 5, 2001, by the Orange County Grand Jury, and arrested on December 7, 2001.  Id. at ¶ 4.  Petitioner entered a plea of not guilty on December 10, 2001.  Id. at ¶ 5.

Petitioner made two pretrial motions.  On January 10, 2002, petitioner motioned to relieve the Legal Aide Society as his counsel.  This motion was made *pro se*, and was denied by the court on April 3, 2002.  Id. at ¶ 5.  Petitioner also motioned, with assistance of counsel, to suppress identification evidence.  Id.  By Decision and Order entered on March 11, 2002, Judge Berry ordered pretrial hearings on the motion.  Id.

On April 12-15, 2002, a pre-trial hearing was held on petitioner's motion to suppress identification evidence.  Id. at ¶ 6.  At this time, petitioner was represented by a new attorney.  Id.  By Decision and Order entered on April 18, 2002, the court denied said motion.  Id.  Subsequently, petitioner was tried and convicted.  See Petition for Writ of Habeas Corpus ("Pet.") at ¶¶ 1-8.

By *pro se* motions prior to sentencing, petitioner asked the court to vacate his conviction by arguing: "1) counsel was ineffective; 2) the prosecutor did not inform the petitioner that a witness was going to be given favorable treatment; 3) his constitutional rights were violated; and 4) the identification procedure was suggestive."  Aff. in Opp. ¶ 6.  Upon denying petitioner's motions, the court imposed a sentence of an aggregate

2

sentence of eleven to twenty-two years in prison.  Id.  Petitioner is presently incarcerated at the Green Haven Correctional Facility in Stormville, New York.

On or about May 10, 2002, petitioner filed his first motion to vacate the judgment of conviction pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the grounds that: (1) trial counsel was ineffective; (2) the court was not informed of the favorable treatment toward the confidential informant by the prosecution; (3) violation of constitutional rights; and (4) the suggestive nature of the identification procedure.  See Resp. Record, Exh. 7.  Petitioner also moved to dismiss or reduce the indictment on that day.  Id.  By Decision and Order entered on August 19, 2002, the court denied said motion.  See id. Exh. 10.

On or about August 16, 2002, petitioner filed a pro se motion for a stay of execution of a judgment of the County Court, Orange County, pursuant to section 460.50 of the New York CPL.  See id. Exh. 8.  In support for his motion to stay his sentence he argued that "1) he was innocent; 2) the indictment was improperly obtained; 3) the trial judge was biased; 4) there was a Rosario violation; and 5) trial counsel was ineffective."  Aff. in Opp. ¶8.  On November 4, 2002, the Appellate Division, Second Department denied this motion.  See id. Exh. 8.

On or about February 4, 2003, petitioner moved pro se, for the second time, to vacate the judgment of conviction and sentence pursuant to section 440.10, on the grounds that: 1) "the District Attorney failed to produce exculpatory information"; 2) "a witness was promised leniency"; 3) "the felony complaint was defective"; 4) "there was insufficient evidence to convict"; 5) "his attorney should have been disqualified because

3

of a conflict of interest"; and 6) "he was not given the right to testify before the grand jury." See id. Exh. 11 at 2. By Decision and Order dated April 3, 2003, the County Court, Orange County, denied said motion. See Resp. Record, Exh. 11. In response, on or about May 8, 2003, petitioner moved *pro se* for leave to appeal the order to the Appellate Division pursuant to New York CPL sections 450.15 and 460.15. See id. Exh. 12. By Decision and Order entered July 29, 2003, the Appellate Division, Second Department denied petitioner's request for leave to appeal the denial of his 440.10 motion. See id. Exh. 14.

On or about May 13, 2005, petitioner filed his third motion to vacate the judgment of conviction pursuant to CPL 440.10, on the ground that his trial counsel was ineffective because he 1) failed to ask the presiding trial judge to recuse himself, 2) made false statements to the court about witnesses for the petitioner, 3) failed to file motions on the petitioner's behalf, 4) failed to prepare a witness for the petitioner, and 5) failed to object to prejudicial testimony obtained by the State's witness. See id. Exh. 22. Petitioner also raised an additional ground that there was newly discovered evidence in his case. Id. By Decision and Order dated August 25, 2005, the County Court, Orange County denied petitioner's said motion. See Resp. Record, Exh. 25.

On or about September 6, 2005, petitioner filed a motion for leave to appeal the denial of his CPL 440.10 motion pursuant to CPL 450.15 and 460.15. See id. Exh. 26. By Decision and Order dated January 11, 2006, the Second Department denied said motion. See People v. Evans, 2006 WL 4635991, 2006 N.Y. Slip Op. 60574 (2d Dep't. 2006); see also Resp. Record, Exh. 28.

4

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, on the grounds that: 1) "the confidential informant improperly testified that he knew [petitioner] from the uncharged 'deals' they used to do before the charged sales, which deprived appellant of his fourteenth amendment due process right to a fair trial"; 2) "due to the people's lengthy and unexcused delay in prosecution, [petitioner] could no longer call two critical alibi witnesses, in violation of his state and federal due process right to a fair trial, and thus, indictment should be dismissed"; 3) "the doubling of the plea offer at sentence gives rise to the inference that Evans was punished for exercising his sixth amendment right to a trial."  See Resp. Record, Exh. 15; see also People v. Evans, 16 A.D.3d 595, 792 N.Y.S.2d 124, 2005 N.Y. Slip Op. 02271 (2d Dep't 2005).  Petitioner also submitted a supplemental *pro se* brief in which he argued: 1) the indictment should be dismissed since the identification procedure used to identify petitioner was suggestive and should have been suppressed by the trial judge; and 2) "the court should disqualify the trial judge on the ground that rulings made by him on admissibility of evidence were based on his prior knowledge of facts gained from actions against appellant handled by the judge from a prior case, violating appellants constitutional rights…."  See Resp. Record, Exh. 18.  The Second Department, by Decision and Order, affirmed the judgment of conviction. Evans, 16 A.D.3d at 596; see also Resp. Record, Exh. 20.  Petitioner appealed to the New York Court of Appeals on the same grounds asserted in his brief to the Appellate Division.  See Resp. Record, Exh. 21.  The New York Court of Appeals

denied petitioner leave to appeal on May 21, 2005.  People v. Evans, 4 N.Y.3d 886, 831 N.E.2d 976 (2005).

On or about March 24, 2006, petitioner filed the instant Petition for a Writ of Habeas Corpus wherein he asserts that he is entitled to habeas relief because he was denied effective assistance of trial counsel.  Pet. at ¶ 13.  Petitioner also appears to argue ineffective assistance of appellate counsel in his reply.  See Petitioner's Reply to Opposition ("Pet. Reply").

## II.  STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state court questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."  To the extent that a habeas petition challenges factual findings, "a

determination of a factual issue made by a state court shall be presumed to be correct.

The applicant shall have the burden of rebutting the presumption of correctness by clear

and convincing evidence."  28 U.S.C. § 2254(e)(1).


## III. DISCUSSION

### A. <u>Ineffective Assistance of Counsel</u>

Petitioner asserts that he was deprived of his right to effective assistance of trial

counsel.  On his Motion to Vacate the Judgment filed on or about May 13, 2005 with the

County Court, Orange County, petitioner contends that his trial attorney: 1) "fail[ed] to

object to trial judge presiding over the defendant's case"; 2) made "false statements to

the Court and defendant about a subpoena [sic] witness"; 3) "fail[ed] to file various

motions on behalf of the defendant"; 4) "fail[ed] to prepare witness for the defendant's

case"; and 5) fail[ed] to object to prejudic[ial] testimony by Prosecut[ion's] witness."  <u>See</u>

Mot. to Vacate the Judgment, Resp. Record, Exh. 22.  Said motion was denied. <u>Id.</u> at

25.

Petitioner failed to raise any of these allegations on direct appeal to the Appellate

Division, Second Department.  <u>See</u> <u>Evans</u> at 596-597.  However, appointed appellate

counsel did argue that petitioner was deprived of a fair trial due to the prejudicial

testimony of one of the State's witnesses on a brief to the Appellate Division, Second

Department dated on or about October 28, 2003.  <u>See</u> Brief for Defendant-Appellant,

Resp. Record, Exh. 15.  This testimony had to do with petitioner's alleged prior drug

sales.  Id. at 6.  Trial counsel had not objected to the line of questioning.  Id.  Appellate

counsel did not raise an ineffective assistance of trial counsel argument, however.

Additionally, the Second Department affirmed petitioner's conviction regardless.  See

Evans at 596.

Petitioner raised an ineffective assistance of counsel claim prior to sentencing

through a *pro se* motion before the County Court, Orange County.  Aff. in Opp. ¶ 6.

That motion was also denied.  Id.  Petitioner also asserted claims for ineffective

assistance of counsel in two of his other CPL 440.10 motions to vacate the judgment.

See Resp. Record, Exhs. 7, 11.  These motions were denied on August 19, 2002, and

April 3, 2003, respectively.  See id. Exhs. 10, 11.  As mentioned above, petitioner's last

CPL 440.10 motion was denied on August 25, 2005.  In that instance, the trial court

denied said motion pursuant to CPL 440.10(2)(a), which prohibits collateral review for

claims previously determined on appeal, and CPL 440.10(3)(c), which provides that ". . .

the Court may deny a motion to vacate a judgment when . . . [u]pon a previous motion

made pursuant to this section, the defendant was in a position adequately to raise the

ground or issue underlying the present motion but did not do so."  See Resp. Record,

Exh. 25.  The Second Department thereafter summarily denied petitioner leave to

appeal from the denial of his motion to vacate.  See Evans, 2006 WL 4635991 at *1;

see also Resp. Record, Exh. 28.

Here, petitioner's grounds for ineffective assistance of trial counsel are

procedurally barred.  Federal habeas corpus review of a state court's denial of a state

prisoner's federal constitutional claim is barred if the state court's decision rests on an

independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1)     Whether the alleged procedural violation was actually relied on in the trial
> court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the trial court denied petitioner's ineffective assistance of trial counsel claim pursuant to CPL 440.10(2)(a) and (3)(c) because his claims had been denied by the trial court in previous CPL 440.10 motions. Thus, the trial court clearly relied on an "independent" state procedural rule in denying petitioner's grounds for his motion to vacate. Coleman, 501 U.S. at 750. Moreover, the trial court's written decision clearly

indicated that it "actually relied on" the state procedural rule as the basis for denying

petitioner's ineffective assistance claim.  Cotto, 331 F3d at 240.  Further, applying the

Cotto "guideposts" to petitioner's case, the procedural bar relied on by the trial court is

one that is "firmly established and regularly followed" and, thus, "adequate." Garcia, 188

F3d at 77.  Additionally, "it is well-settled under New York law that where the record is

sufficient to allow appellate review of a claim, the failure to raise that claim on direct

appeal precludes subsequent collateral review of the claim."  Smith v. Artus, No. 03 Civ.

6982, 2004 WL 789769m at *16 (S.D.N.Y. Apr. 14, 2004).  Finally, petitioner did not

"substantially comply" with the state procedural rule.  Cotto at 240.  Therefore, the trial

court's denial of petitioner's grounds for his motion to vacate rested on an independent

and adequate procedural ground.

Because there is an adequate and independent finding by the trial court that

petitioner procedurally defaulted on his grounds for ineffective assistance of trial

counsel claim, petitioner must demonstrate in his habeas petition "cause for the default

and actual prejudice as a result of the alleged violation of federal law, or demonstrate

that failure to consider the claims will result in a fundamental miscarriage of justice."

Coleman at 750.  Petitioner, however, has made no claim of actual innocence

amounting to a miscarriage of justice.  See Murray v. Carrier, 477 U.S. 478, 496 (1986).

Nor is there any indication in the record that this Court's failure to address the merits of

petitioner's contentions would result in a fundamental miscarriage of justice.  Therefore,

petitioner may circumvent the procedural bar on habeas review of his allegations only

by demonstrating both cause and prejudice.

Cause may be established by showing that either (1) the factual or legal basis for the claim was not reasonably available, (2) some interference by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the result of ineffective assistance of counsel. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Here, petitioner attributes the cause of his procedural default to ineffective assistance of trial counsel; specifically, petitioner argues that appellate counsel failed to raise said allegations of ineffective assistance of trial counsel on direct appeal.

In order for a claim of ineffective assistance of counsel to constitute sufficient "cause" for a procedural default, counsel's ineffectiveness must rise to the level of a Sixth Amendment violation, as outlined in Strickland v. Washington, 466 U.S. 668 (1984); see also Carrier, 477 U.S. at 488-89. Under the Strickland standard, petitioner will prevail on his ineffective assistance claim if he demonstrates (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. As to the "performance" prong, petitioner must demonstrate that appellate counsel's failure to assert said record-based allegations of ineffective assistance of trial counsel "was unreasonable under the prevailing norms." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Further, this Court's review of appellate counsel's performance must be "highly deferential," and there is a "strong presumption" of attorney competence. Id. More to the point, the Supreme Court has held that indigent defendants do not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the [defendant], if

11

counsel, as a matter of professional judgment, decides not to present those points."

Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

In sum, given the "importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues," appellate counsel's choice of issues to be raised on direct appeal was not objectively unreasonable.  Id.  Appellate counsel did in fact raise the issue of prejudicial testimony. Therefore, petitioner cannot satisfy the inadequate performance prong of Strickland. Neither has petitioner established the second Strickland prong, because a review of the record does not indicate that, if appellate counsel had raised said allegations of ineffective assistance of trial counsel on direct appeal, there was a reasonable probability that the Second Department would have overturned petitioner's conviction. As a result, petitioner cannot establish a Sixth Amendment ineffective assistance of appellate counsel claim, nor can he show cause for procedurally defaulting said grounds for his Sixth Amendment ineffective assistance of trial counsel claim.

Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his ineffective assistance claim.

**IV.  CONCLUSION**

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

12

**V.  NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing §

2254 proceedings, the parties shall have ten (10) days from receipt of this Report to

serve and file written objections to this Report and Recommendation.  If copies of this

Report are served upon the parties by mail, the parties shall have thirteen (13) days

from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules

governing § 2254 proceedings; F.R.C.P. 6(e).  Such objections, if any, shall be filed with

the Clerk of the Court, with extra copies delivered to the chambers of the Honorable

Stephen C. Robinson at the United States District Court, Southern District of New York,

300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the

undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude

later appellate review of any order of judgment that will be entered.  See Small v.

Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable

Stephen C. Robinson and not to the undersigned.


Dated: August___, 2007                         Respectfully Submitted,
       White Plains, New York



                                    _____
                                    GEORGE A. YANTHIS
                                    UNITED STATES MAGISTRATE JUDGE


13

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing §

2254 proceedings, the parties shall have ten (10) days from receipt of this Report to

serve and file written objections to this Report and Recommendation.  If copies of this

Report are served upon the parties by mail, the parties shall have thirteen (13) days

from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules

governing § 2254 proceedings; F.R.C.P. 6(e).  Such objections, if any, shall be filed

with the Clerk of the Court, with extra copies delivered to the chambers of the

Honorable Stephen C. Robinson at the United States District Court, Southern District of

New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers

of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude

later appellate review of any order of judgment that will be entered.  See Small v.

Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable

Stephen C. Robinson and not to the undersigned.

Dated: August 15, 2007                        Respectfully Submitted,
       White Plains, New York

GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE

13