UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH EVANS,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT E. ERICOLE, Superintendent, Green Haven Correctional Facility, and THE ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>        Respondents. | 06 Civ. 3684 (SCR) (GAY)<br><br>MEMORANDUM ORDER ADOPTING REPORT & RECOMMENDATION |

**STEPHEN C. ROBINSON, United States District Judge.**

Joseph Evans, proceeding pro se, has filed a petition, under 28 U.S.C. § 2254, seeking a writ of habeas corpus. Mr. Evans was convicted of two counts of criminal sale of a controlled substance in the third degree, *see* N.Y. PENAL LAW § 220.39(1), and two counts of criminal possession of a controlled substance in the third degree, *see* N.Y. PENAL LAW § 220.16(1). This matter was referred to United States Magistrate George A. Yanthis, who has issued a Report and Recommendation regarding Mr. Evans' habeas petition. Judge Yanthis has recommended that this Court deny in its entirety Mr. Evans' habeas petition. Mr. Evans has filed objections, pursuant to 28 U.S.C. § 636(b)(1), to Judge Fox's Report and Recommendation. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of

FILED

the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). A party may file "*specific* written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. 636(b)(1); *Grassia v. Scull*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.* Moreover, "[t]o the extent . . . that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (collecting cases).

Magistrate Judge Yanthis determined that the claim presented by Mr. Evans' habeas petition was procedurally barred because the decision of the state court denying his federal constitutional claim rests on an independent and adequate state procedural ground. The New York trial court denied Mr. Evans' ineffective assistance of trial counsel claim pursuant to N.Y. CRIM. PROC. § 440.10(2)(a) and (3)(c); it determined that Mr. Evans' claim of ineffectiveness had been denied by the trial court in previous section 440.10 motions. Therefore, the state court's decision rests on an independent state procedural rule, thus barring habeas review unless Mr. Evans shows cause for the procedural default and actual prejudice, or demonstrates that a

failure to consider the claim will result in a "fundamental miscarriage of justice." *See Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986).

Mr. Evans asserted that the cause of his procedural default was that his appellate counsel failed to raise the ineffective assistance of counsel argument on direct appeal. Even if Mr. Evans' appellate counsel had raised the claim of ineffective assistance of trial counsel, Magistrate Judge Yanthis explained, the record does not demonstrate a reasonable probability that, but for counsel's error, "the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Thus, Magistrate Judge Yanthis determined, Mr. Evans is unable to show cause for the procedural default and actual prejudice, and, therefore, Magistrate Judge Yanthis recommended that Mr. Evans' habeas petition be denied.

On September 4, 2007, this Court received a letter from Mr. Evans objecting to Magistrate Judge Yanthis' Report and Recommendation. Mr. Evans only objects in general to the entirety of the Report and Recommendation, *see Harden*, 2008 WL 4735231, at *1, and he asks for an opportunity to be heard. Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not hold an evidentiary hearing on a claim unless

> (A) the claim relies on--
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. § 2254(e)(2)(A). Mr. Evans' letter and general objection to Magistrate Judge Yanthis' Report and Recommendation do not meet this standard. Consequently, this Court shall not hold a hearing on Mr. Evans' habeas petition.

After considering Mr. Evans' general objection to Magistrate Judge Yanthis's comprehensive and well-reasoned Report and Recommendation, this Court has determined that there is no clear legal error on the face of the record. *See Harden*, 2008 WL 4735231, at *1. For the reasons stated in this Memorandum Order, this Court adopts the Report and Recommendation.

The Clerk of the Court is directed to close this case.

*It is so ordered.*

Dated: *November 10*, 2008

White Plains, New York

Stephen C. Robinson
United States District Judge